IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
AUG 1 0 2007
J.T. NOBLIN, CLERK
BY_____DEPUTY

| | |
|---|---|
| WANDA KING, ON BEHALF OF HER MINOR AND AS NEXT FRIEND, IVERSON KING<br><br>Plaintiff<br><br>v.<br><br>DR. ANGELA SAVATIEL AND VICKSBURG HEALTHCARE, LLC d/b/a RIVER REGION MEDICAL CENTER<br>Defendants | CIVIL ACTION NO. 5:05CV109 DCB-JCS |

### ORDER OF COURT ESTABLISHING THE IVERSON KING SPECIAL NEEDS TRUST

On this day came on to be heard the Application to Establish the Iverson King Trust for the benefit of Iverson King, a minor, and an incapacitated person (the "Beneficiary"), pursuant to 42 United States Code Section 1396p(d)(4)(A), as amended August 10, 1993, by the Revenue Reconciliation Act of 1993, Pub. L. 103-55, filed by Lucien C. Gwin, III, counsel for the Beneficiary (hereinafter referred to as "Applicant"), and the Court proceeded to review the application upon a finding that due and proper notice of the application and hearing on the application have been given to all interested persons, and that Applicant and all persons necessary for jurisdiction have appeared in person or by attorney.

The Court, having having reviewed the application and the other documents filed herein, finds that it has jurisdiction and venue over the persons and subject matter of this proceeding; that all proceedings have been lawful and proper; that the Beneficiary, a minor,

is a disabled person as defined in the Social Security Act, Section 1614(a)(4e), 42 United States Code Section 1382C(a)(3); that there is no court-appointed guardian for the estate of the Beneficiary, and there is no proceeding pending for the appointment of such guardian; and that it would be in the best interests of the Beneficiary for this Court to enter an order and decree establishing a "special needs" trust for the Beneficiary's benefit as specified in 42 United States Code Section 1396p(d)(4)(A), as amended August 10, 1993, by the Revenue Reconciliation Act of 1993, Pub. L. 103-55.

It is, therefore, ORDERED by the Court as follows:

1. That monies awarded to the Beneficiary in the above-entitled and numbered cause shall be held in trust for the benefit of Beneficiary pursuant 42 U.S.C. §1396p(d)(4)(A), and pursuant to the terms of the trust agreement attached to this hereto as Exhibit "A".

2. That THE CENTER FOR SPECIAL NEEDS TRUSTS ADMINISTRATION, INC., is hereby appointed as the Trustee of the Trust; upon the Trustee's acceptance of such Trust, said funds from the final judgment in this case including all interest earned presently, be ORDERED delivered to the Trustee for the benefit of the Beneficiary. The Trustee shall hold, invest, administer, and distribute the funds as a "special needs" trust having the terms and provisions set forth in the trust agreement establishing the Iverson King Special Needs Trust which is attached hereto, designated Exhibit "A," and incorporated by reference into this decree.

3. That any persons or entities, owing any monies (including any lump sums and/or structured annuity payments) to the Beneficiary shall deliver said funds as they

become due and payable in conformance with the terms of the settlement to THE CENTER FOR SPECIAL NEEDS TRUSTS ADMINISTRATION, INC., in its capacity as the Trustee.

4. The Trustee has permission to charge a reasonable fee for its trust services, at the rates and in the manner provided in the Trust Agreement.

5. IT IS FURTHER ORDERED, that any assets from the settlement of the Beneficiary's personal injury claim, including cash payments as well as any future payment from any structure or annuity, that is purchased as part of the settlement of the claim shall and are hereby irrevocably assigned to Trustee of the trust including all future rights to receive any payment from an annuity or structure. At no time prior to the funding of the Trust are any of the funds from the settlement of this lawsuit available to the Beneficiary or anyone acting on his behalf.

6. That at no time are the funds to be delivered to the Trustee pursuant to this order accessible or in any way available to the Beneficiary or anyone acting on his behalf.

By this Order the Court hereby creates, establishes, and funds the Iverson King Special Needs Trust.

SIGNED on August 8, 2007.

The Honorable David Bramlette
United States District Court

3